CASE 79—PETITION ORDINARY—FEBRUARY 6.

## Royal Insurance Co. v. Rufer's Adm'r.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. TRANSFER OF SUITS BETWEEN COURTS OF JEFFERSON COUNTY.— Under the various acts regulating the proceedings in the courts of Jefferson county and the city of Louisville, it is only where the judge fails to attend his court that the members of the bar can elect a special judge. If the regular judge attends, and can not properly preside in a particular case, it is his duty to transfer the case, as provided by the statute; or, if he fails to do so, it becomes the duty of the clerk to make the transfer, and to so enter it upon the order book.

2. SAME.—The statute regulating the transfer of cases between the courts of Jefferson county is not in violation of that provision of the Constitution which requires the Legislature to provide by law for holding circuit courts when the regular judge fails to attend or can not properly preside.

3. ELECTION OF SPECIAL JUDGE—OBJECTIONS.—The appellant, having objected to the election of a special judge, and the order so showing, it was not necessary, when that judge took his seat, to make a

Royal Insurance Co. v. Rufer's Adm'r.

motion to transfer or to object to his hearing the case, in order to enable the appellant to avail himself of the error in failing to make the transfer upon the refusal of the regular judge to preside.

4. LOUISVILLE LAW AND EQUITY COURT.—The same statutes that formerly applied to the Vice Chancellor's Court now apply to the Louisville Law and Equity Court, there having been a change merely in the name of the court.

HARGIS & EASTIN FOR APPELLANT.

1. The election of a special judge was without warrant of law. The case should have been transferred to the Louisville Law and Equity Court. (Mercer, &c., v. Glass' Ex'r, 11 Ky. Law Rep.; Act of February 7, 1884, Carroll's Code, section 836; Act of April 4, 1884, Carroll's Code, page 348.)

2. The acts of the Legislature, regulating the transfer of actions between the courts of Jefferson county, are not unconstitutional. Section 28 of article 4 of the Constitution of Kentucky does not apply to statutory courts created in pursuance of section 1 of article 4 of the Constitution. But even if it applies, it can not be construed as negativing the power of the Legislature to provide for the transfer of cases from one statutory court to another in the same county when, from any cause, the regular judge can not preside.

BROWN, HUMPHREY & DAVIE FOR APPELLEE

1. The Constitution, article 4, section 28, provided that where the judge of the circuit court can not properly preside, the " court " shall be held in a manner to be provided by the Legislature. The Legislature provided that, in such a case there shall be a special judge chosen by the bar to hold the " court." The act of 1884 (which provides that, in such a case, in the Jefferson Court of Common Pleas, that court shall not be held to try that case, but that it shall be transferred to another court) is not in conformity to that constitutional provision. The purpose of the Constitution was to have a special judge elected, so that cases could be tried at once without the delays and expenses of transferring to other courts. (Adams v. Auditor, 13 Ben. Mon., 153; Rudd v. Woolfolk, 4 Bush, 588; Acts 1881, vol. 1, page 9.)

2. The Jefferson Court of Common Pleas is a "circuit" court in the meaning of that constitutional provision. (Code, sec. 732, subsec. 14; Rudd v. Woolfolk, 4 Bush, 558; Pope v. Auditor, 79 Ky., 306; Toney v. Harris, 85 Ky., 453; Acts 1881, vol. 1, page 9.)

3. The Constitution having provided that the particular court must be held to try the case, it is an implied prohibition against the case being transferred to another court. (Williams v. Com., 79 Ky., 46.)

4. The appellant did not make any motion before the lower court to transfer this case to the Law and Equity Court, but only objected to an

election of special judge, and appeared before the special judge and objected to the special judge sitting, and then tried the case. Its failure to move the court to transfer the case was a waiver of any right to transfer. (Owings v. Owings, Hardin's R., 158; Vinsen v. Lockhart, 7 Bush, 458; Salter v. Salter, 6 Bush, 624; Jones v. Grugett, 1 Bibb, 448; Deering v. Halbert, 2 Littell; Vandiver v. Vandiver, 3 Met., 137; Russell v. Knowles, 3 Howard (Miss.), 90; Carpenter v. Shepherdson, 43 Wis., 406; Montgomery v. Town, 32 Wis., 249; Waller v. Logan, 5 B. Mon., 528.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The only question necessary to be decided in this case is, should the clerk or the judge of the court below have transferred this case to the Louisville Law and Equity Court?

When the case was called for trial the regular judge declined to preside in the case, and this court must assume for reasons that were sufficient to require him to leave the bench. A special judge was then elected and the case tried, resulting in the verdict and judgment complained of. It is insisted by the appellant that the special judge had no power to try the case, and that the proceeding under which the election was held having been objected to, the judgment below should be reversed. We find, on an examination of the various acts regulating the proceedings in the courts of Jefferson county and the city of Louisville, that it is only where the judge fails to attend his court that the members of the bar can elect. The act of February 7, 1884, provides: "That when the Judge of the Jefferson Court of Common Pleas, or the Chancellor of the Louisville Chancery Court, or Vice-Chancellor of the Louisville Chancery Court, shall fail to attend, it shall be lawful for the members of the bar in attendance on such

court to elect a special judge to hold such court for the occasion, in the same manner as special judges for circuit courts are elected."

It is evident that the Legislature saw the necessity of an election of a special judge where the regular judge could not attend, for the reason that it would delay the trial of all the cases ready to be disposed of, and that some one should be substituted other than the chancellor or vice-chancellor, whose courts are in session at the same time. Therefore, the election of a special judge was authorized. If, however, the regular judge does attend, and can not properly preside in a particular case, what action is then required to be taken? The second section of the same act provides: "When the Judge of the Jefferson Court of Common Pleas can not properly preside in an action or special proceeding pending before him, such action or special proceeding *shall* be transferred by the clerk of said court, or the judge thereof, to the Vice-Chancellor of the Louisville Chancery Court, and all further steps and proceedings in such action or special proceeding shall be had before said vice-chancellor; and if, for any cause, the vice-chancellor can not properly preside in such action or special proceeding, the same shall be transferred to the Jefferson Circuit Court, and there tried."

The third section of the act provides that when the Chancellor of the Louisville Chancery Court can not properly preside in an action before him, it shall be transferred to the vice-chancellor, and if he can not preside, a special judge may be chosen as they are in the circuit courts. Section 4 provides that when the

vice-chancellor can not preside in an ordinary action before him, he shall transfer it to the Judge of the Court of Common Pleas, and if that judge can not preside, it shall be transferred to the circuit court. Section six provides that when the vice-chancellor can not properly preside in an equitable action before him, it shall be transferred to the chancellor, and if he can not preside, a special judge may be chosen.

It is, therefore, apparent from the legislation in regard to the courts in Louisville and Jefferson county, that the right to elect a special judge in either of the courts mentioned is determined by the statute on the subject, and that special judges can not be elected unless the judge or judges of the courts to which the transfers are directed to be made can not properly preside. It was the duty, therefore, of the regular judge, without leaving the bench, to transfer this case to the Law and Equity Court, or, if he failed to do so, it became the duty of the clerk to make the transfer, and to so enter it upon the order-book.

The appellant objected to the holding of the election and to the election of the special judge. The regular judge had left the bench, and the statute requiring the clerk to make the transfer, and the clerk persisting in holding the election over its objection, and the order so showing that attempted to confer jurisdiction on the special judge, it was not necessary, when that judge took his seat, to make a motion to transfer, or to object to his hearing the case. He had no power, over such objections, to try it. If no objection had been made to the proceeding, neither party would be allowed to complain of

the judgment, because they had the right to consent that a special judge or an attorney should try the case; and this court, in the absence of an objection, would necessarily assume that the trial was had by the consent of parties. The fact that the name of the vice-chancellor's court has been changed to that of the Louisville Law and Equity Court can make no difference. The same law or statute applies to that court that applied to the vice-chancellor's court.

It is said by counsel for the appellee that the act in question authorizing the transfer is in violation of section 28 of article 4 of the Constitution, which provides: "The General Assembly shall provide by law for holding circuit courts when, for any cause, the judge shall fail to attend, or, if in attendance, can not properly preside." We are unable to see the application of the constitutional question to the case before us. The common pleas court is a statutory court, having similar jurisdiction in many respects to the circuit court, and was created in aid of that court to relieve it of a docket that imposed too much labor upon its presiding judge, and it may be termed a circuit court for that reason, but at the same time may be abolished at the will and pleasure of the Legislature without regard to its duration as fixed by the law creating it or the judge presiding over it. It is the creature of the Legislature, and its jurisdiction, connected with the filing, trial and transfer of cases brought within that court, may be regulated by the law-making power, if not in violation of the Constitution. In fact, if this question was confined to the circuit court, we perceive no constitutional objection

to the transfer of civil cases from that to another court if the Legislature should deem it expedient. The provision of the Constitution requiring the Legislature to provide by law for holding courts when the regular judge fails to attend or can not properly preside does not interfere with the right of the Legislature to change the venue in a civil case, or to transfer a particular case from one court to another, or even any number of civil cases, to that court organized to relieve the circuit court, and invested by the Legislature with the jurisdiction. Such is both the legislative and judicial history of the State.

The election of a special judge being without authority of law, it was not necessary to move to transfer the case after the special judge had taken his seat, and the fact that he may have given to the appellant a fair trial can not vest in him the power to try the case. The order of court shows that the defendant objected to the selection of a judge on the ground that the case should be transferred to the Law and Equity Court, and that when the special judge was elected and took his seat, the defendant objected at the time, and the clerk overruled his objections. The statute is imperative that the judge of the court or the clerk shall make the transfer, and the judge failing to do so, the clerk should have entered the order.

Judgment reversed, and cause remanded for proceedings consistent with this opinion. The Judge of the Common Pleas Court will transfer the case, if he is unwilling to preside, to the Law and Equity Court.